J. Octavio Seix & Co., Inc., Plaintiff and Appellant, *v.* Brockway Motor Truck Corporation of P. R. et al., Defendants and Appellees.

No. 5638.  Argued March 8, 1932.—Decided December 16, 1932.

*F. Colón Díaz* for appellant.  *Molina, Dubón & Ochoteco* for the appellee corporation.

Mr. Justice Wolf delivered the opinion of the Court.

J. Octavio Seix & Co., Inc., made a conditional sale of motor vehicles, Brockway model, to Andrés Medina. The Brockway Motor Truck Corporation to recover $1,420.44 in an ordinary suit against Andrés Medina, attached the said motor vehicles as the property of the said debtor Medina. The said J. Octavio Seix & Co., Inc., filed a claim of property (*tercería*) or title to said motor vehicles. Brockway Motor Truck Corporation, the attaching creditor, demurred and the District Court of San Juan sustained the demurrer.

In the petition or complaint of J. Octavio Seix & Co. nothing was said of any default on the part of the purchaser

Medina in the payments due on the conditional sale. The theory of the intervenor, as shown by its complaint, is exclusively that the title of the property remained and is in J. Octavio Seix & Co.

The intervener stood on the demurrer and on appeal the sole assignment of error is as follows:

"The District Court of San Juan committed error in sustaining the demurrers to the complaints in intervention while following the jurisprudence in *Montalvo v. Valdivieso,* 38 P.R.R. 487, and *De Gracia v. Guardiola,* 38 P.R.R. 513, that the real owner of the automobiles is the conditional purchaser and not the vendor J. Octavio Seix & Co., Inc."

The appellant maintains that the doctrine of the cited cases is that the purchaser has sufficient title to institute actions against third persons, but in effect, as between the parties to the original conditional sale, the vendor has a paramount title. The case of *Commercial Credit Co. v. Soto,* 41 P.R.R. 406, is cited as analogous.

That was a case where the essential point decided was that an attaching creditor was not a third person with respect to the rights existing between the parties to a conditional sale and that his rights were not superior to those of the debtor.

We feel bound to hold accordingly that a purchaser in a conditional sale has a sufficient title or interest in the property to suffer an attachment by one of his creditors, especially in the absence of any showing that the debtor has defaulted or that the creditor has taken any step to cause the title to revert to him.

It was conceded by the appellee that the lien of the vendor was not defeated by the attachment. We refrain from considering what might have been the rights of the appellant if he had tried to protect his lien.

The judgment should be affirmed.